# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Autozone Parts, Inc.,

                Plaintiff,

                                          Civ. No. 09-351 (RHK/RLE)
                                          **ORDER**

v.

Joel Barrick d/b/a Minnesota
Auto Zone,

                Defendant.

This matter is before the Court on (1) Plaintiff's Motion for Attorney Fees (Doc. No. 16) and (2) Defendant's Motion for Relief From Judgment (Doc. No. 23). For the reasons set forth below, the Court will grant Plaintiff's Motion and deny Defendant's Motion.

This is a Lanham-Act action in which Plaintiff alleges *inter alia* that Defendant is infringing its trademarks. Plaintiff served Defendant with the Summons and Complaint on March 13, 2009. After Defendant failed to respond, Plaintiff moved for a default judgment. The Court granted that Motion by Order dated July 24, 2009 (Doc. No. 13). In its Order, the Court determined that Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117, and it directed Plaintiff to file an Affidavit setting forth the same within 30 days. Plaintiff timely filed that Affidavit along with the instant Motion for Attorney Fees, seeking an award of $11,830.50 in fees and costs incurred in this action. The Court ordered Defendant to respond no later than September 4, 2009.

The Court subsequently received a letter from Defendant (Doc. No. 22-1) in which he averred that the parties had been discussing a settlement of this action around the time his Answer was due, and Plaintiff's counsel informed him that no Answer needed to be filed in light of those discussions. (Id.) He further contended that he was awaiting a response to a last-minute change to the settlement terms when Plaintiff requested the entry of a default judgment without his knowledge. As a result of Plaintiff's counsel's allegedly "unethical" behavior, Defendant argued that the default judgment should be vacated and Plaintiff should not be awarded attorneys' fees and costs.

The Court construed Defendant's letter as a Motion for Relief From Judgment under Federal Rule of Civil Procedure 60 and directed Plaintiff to file a response on or before September 21, 2009. Defendant was given until September 28, 2009, to file a Reply in support of his so-construed Motion.

Plaintiff timely filed a response. Plaintiff attached thereto correspondence (including emails) between the parties that leaves no doubt this matter was not settled. The response further indicates that Defendant was fully aware that he was obliged to file an Answer to the Complaint. It shows that Defendant emailed Plaintiff's counsel on July 2, 2009, inquiring about the settlement because he "need[ed] to know if [he] need[ed] to answer the complaint." (Bina Decl. (Doc. No. 27) Ex. L.) Ten minutes later, Plaintiff's counsel responded and advised Defendant that Plaintiff would not agree to the proposed terms. (Id. Ex. M.) Plaintiff heard nothing further from Defendant following this

exchange of emails. (Id. ¶ 24.) Despite having an opportunity to rebut these facts, Defendant has not done so.

For these reasons, the Court concludes that Defendant's Motion lacks merit. It is unfortunate that Defendant has castigated Plaintiff's counsel as "unethical" when it is he who has played fast and loose with this Court. Defendant claims the parties reached a settlement, but the undisputed record shows otherwise. He was fully aware of his obligation to file an Answer, yet he failed to do so. Accordingly, his Motion will be denied and Plaintiff's request for fees and costs will be granted. Furthermore, the Court has carefully reviewed the documentation filed in support of the requested fees. The Court determines that the hours expended on this litigation and the requested hourly rates are reasonable given the nature of this case.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. No. 16) is **GRANTED** and Defendant's Motion for Relief From Judgment (Doc. No. 23) is **DENIED**. Plaintiff shall recover of Defendant $11,830.50 in attorneys' fees and costs incurred in this action (not including the costs separately awarded by the Clerk of Court in its Cost Judgment (Doc. No. 24)).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 13, 2009

                                              s/Richard H. Kyle
                                              RICHARD H. KYLE
                                              United States District Judge